UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **MADISON CAWTHORN**, an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>**MR. DAMON CIRCOSTA**, in his official capacity as Chair of the North Carolina State Board of Elections, **MS. STELLA ANDERSON**, in her official capacity as a member of the North Carolina State Board of Elections, **MR. JEFF CARMON**, in his official capacity as a member of the North Carolina State Board of Elections, **MR. STACY EGGERS IV**, in his official capacity as a member of the North Carolina State Board of Elections, **MR. TOMMY TUCKER**, in his official capacity as a member of the North Carolina State Board of Elections, **MS. KAREN BRINSON BELL**, in her official capacity as the Executive Director of the North Carolina State Board of Elections.<br>*Defendants*. | **Civ. No. 5:22-cv-50-M** |

## Plaintiff's Motion to Consolidate

Pursuant to Federal Rules of Civil Procedure 65(a)(2), Plaintiff Madison Cawthorn ("**Rep. Cawthorn**") moves this Court to consolidate the hearing on Plaintiff's Motion for Preliminary Injunction with the trial on the merits of Plaintiff's Verified Complaint (ECF 1). In support of this Motion, Rep. Cawthorn states as follows:

"Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ. P. 65(a)(2).

**Pl.'s Mot. to Consolidate**  1

While this Court has the discretion to grant such a motion, courts in this circuit have commonly required that "the parties should normally receive clear and unambiguous notice of the court's intent to consolidate the trial and the hearing either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases. *KBG Holding Corp. v. Union Bank & Tr. Co.*, 56 F. App'x 111, 116 (4th Cir. 2003) (cleaned up).

Civil rights cases are especially suitable for such simultaneous development. *Singleton v. Anson Cty. Bd. of Ed.*, 387 F.2d 349, 351 (4th Cir. 1967). Consolidation is proper where the preliminary injunction and trial require the introduction of the same evidence because it promotes judicial economy.

### I. Consolidation is Proper in this Case.

Consolidation in this case serves the interests of justice. A court's consolidation is particularly helpful "when it appears that a substantial part of the evidence offered on the application will be relevant to the merits and will be presented in such form as to qualify for admission on the trial proper." Fed. R. Civ. P. 65(a)(2) advisory committee's note to 1966 amendment. "The fact that the proceedings have been consolidated should cause no delay in the disposition of the application for the preliminary injunction, for the evidence will be directed in the first instance to that relief, and the preliminary injunction, if justified by the proof, may be issued in the course of the consolidated proceedings." *Id.* Finally, consolidation will "expedite the final disposition of the action." *Id.*

**A.    The Same Evidence will be Used for the Preliminary Injunction and the Merits.**

Any factual evidence that may be required and gathered for the preliminary injunction

**Pl.'s Mot. to Consolidate**                                                    2

will be relevant to the merits of the case. The issues before this Court are entirely questions of law and no (or extremely minimal) factual development of the record will be required. See Pl.'s Mot. for Prelim. Inj. Plaintiff's likelihood of success on the merits is decisive and will be before this Court as a matter of law at the hearing for preliminary injunction. Plaintiff and Defendants will present these same facts at any hearing on the merits and the standard of proof to which they will have been subjected is sufficient for their consideration on the claim's merits. Therefore, consolidation will avoid needless repetition of the evidence.

Thus, all of the facts necessary to determine the merits of the complaint are, or will be, before the Court at the preliminary injunction hearing. So consolidation of the decision on a preliminary injunction with the merits of the Verified Complaint is proper.

**B.      A Decision on the Merits will Expedite Resolution of this Case.**

Consolidation will also provide for an expeditious resolution of this case, thereby conserving judicial resources.

The primary goal of Rep. Cawthorn is to protect his constitutional rights implicated by his run for political office. Even short deprivations of these Constitutional rights constitutes irreparable harm relevant to the preliminary injunction. Consequently, if Defendants are not enjoined from depriving Rep. Cawthorn of these rights now, he will irreparably lose those rights. So expedition is necessary.[1] But such expedition serves another purpose—conserving judicial resources.

Whether or not Defendant is enjoined from enforcing N.C.G.S. § 163-127.1, et seq.

---

[1] As further detailed in Plaintiff's Motion to Expedite, filed simultaneously with the present Motion.

**Pl.'s Mot. to Consolidate**                                3

("**Challenge Statute**"), and whether Rep. Cawthorn is entitled to a preliminary injunction will determine this matter. So consolidation of the decision on a preliminary injunction with the merits of the Verified Complaint will expeditiously resolve this case and conserve the resources of this Court—avoiding the need for two separate hearings and redundant briefing.

Consolidation of the decision on a preliminary injunction with the merits of the Verified Complaint will expeditiously resolve this case and preserve judicial resources.

### Conclusion

In sum, consolidation serves the interests of justice and is proper in this case for at least the following reasons: (1) Plaintiff's likelihood of success on the merits is decisive and will be before this Court as a matter of law at the hearing for preliminary injunction; (2) the same evidence is relevant to Plaintiff's preliminary injunction and the merits resulting in avoidance of needless repetition of evidence; and (3) it will expedite resolution of this case. This Court should grant Plaintiff's Motion to Consolidate and provide adequate notice of such consolidation to Defendant.

**WHEREFORE**, Plaintiff pray this Court grant Plaintiff's Motion to Consolidate the hearing on his Motion for Preliminary Injunction with any hearing on the merits of this case.

Dated: January 31, 2022

Respectfully Submitted,

/s/ Josh Howard
Gammon, Howard & Zeszotarski, PLLC
The Water Tower Building
115 ½ West Morgan Street
Raleigh, NC 27601
jhoward@ghz-law.com
Phone: (919) 521-5878
Fax: (919) 882-1898
State Bar No. 26902
*Local Civil Rule 83.1(d) Counsel for Plaintiff*

/s/ James Bopp, Jr.
James Bopp, Jr., Ind. Bar No. 2838-84*
Melena S. Siebert, Ind. Bar No. 35061-15*
THE BOPP LAW FIRM
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
jboppjr@aol.com
msiebert@bopplaw.com
*Attorneys for Plaintiff*
*\*Special Appearance Pending*

**Pl.'s Mot. to Consolidate**      5

# Certificate of Service

I hereby certify that on January 31, 2022, a copy of the foregoing document was served upon the following persons by email and on February 1, 2022 by hand delivery:

Mr. Paul Cax
Associate General Counsel
North Carolina State Board of Elections
430 N. Salisbury St.
Raleigh, NC 27611

/s/ Josh Howard
Attorney for Plaintiff

**Pl.'s Mot. to Consolidate**  6