UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **MADISON CAWTHORN**, an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>**MR. DAMON CIRCOSTA**, in his official capacity as Chair of the North Carolina State Board of Elections, **MS. STELLA ANDERSON**, in her official capacity as a member of the North Carolina State Board of Elections, **MR. JEFF CARMON**, in his official capacity as a member of the North Carolina State Board of Elections, **MR. STACY EGGERS IV**, in his official capacity as a member of the North Carolina State Board of Elections, **MR. TOMMY TUCKER**, in his official capacity as a member of the North Carolina State Board of Elections, **MS. KAREN BRINSON BELL**, in her official capacity as the Executive Director of the North Carolina State Board of Elections.<br><br>*Defendants*. | Civ. No.  5:22-cv-50-M |

## Plaintiff's Motion for Preliminary Injunction

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff Madison Cawthorn ("**Rep. Cawthorn**") moves for a preliminary injunction to enjoin Defendants Mr. Damon Circosta, Ms. Stella Anderson, Mr. Jeff Carmon, Mr. Stacy Eggers, IV, Mr. Tommy Tucker, and Ms. Karen Brinson Bell[1] from enforcing N.C.G.S. § 163-127.1, et seq. ("**Challenge Statute**").

---

[1] Defendants Mr. Damon Circosta, Ms. Stella Anderson, Mr. Jeff Carmon, Mr. Stacy Eggers IV, Mr. Tommy Tucker, all serve as members of the NCSBE. Defendant Karen Brinson Bell serves as the NCSBE's Executive Director. All Defendants are named in this suit in their official capacities. For the purposes of this mofion, "NCSBE" refers collectively to Defendants, named in

**Pl.'s Mot. for**
**Prelim. Inj.**

The fundamental rights of an individual to run for political office, to not be subject to the burden to "prove" his innocence; and the proper role of Congress and the State's authority consistent with the Constitution are at stake in this litigation.

Rep. Cawthorn has standing in this litigation as he has suffered an injury in fact which is traceable to the NCSBE's enforcement of the Challenge Statute, and his injury is redressable by an injunction of the same. The Younger abstention doctrine does not apply hear because the state administrative hearing has been stayed, and the issues at bar weigh in favor of resolution by this Court.

The Challenge Statute's provision allows a Challenge to Rep. Cawthorn's "qualifications" to be a Candidate for Congress based upon only a "reasonable suspicion." This provision violates Rep. Cawthorn's First Amendment rights in the same way a peaceful protestor's rights would be violated if arrested based upon a reasonable suspicion.

The Challenge Statute's burden shifting provision violates the Due Process Clause of the Fourteenth Amendment by requiring Rep. Cawthorn prove a negative (i.e., that he did not engage in insurrection).

The power in the Challenge Statute reaches far beyond the State's authority to regulate its elections, conduct counts and recounts of votes, and other administrative functions allowed by our system of federalism. North Carolina cannot frustrate the House of Representative's ability to make its independent, final judgment of the qualifications of a Member. Because the Challenge Statute directly usurps Congress' constitutional responsibilities, it violates Article 1, § 5 of the

---

their official capacities.

**Pl.'s Mot. for**
**Prelim. Inj.**

U.S. Constitution.

Congress used its constitutionally specified authority to remove the political disability found in Section Three of the Fourteenth Amendment from any Representative other than those who served during the 36th and 37th Congresses. Rep. Cawthorn is a Member of the 117th Session of Congress, so the 1872 Act removed the ability to apply Section Three to Rep. Cawthorn. Since Section Three does not apply to Rep. Cawthorn (or any Member holding office after the 37th Congress), the application of Section Three to Rep. Cawthorn is prohibited by federal law.

Because Rep. Cawthorn is likely to succeed on the merits of his constitutional claims; he would be irreparably harmed by the unconstitutional enforcement of the Challenge Statute; the balance of harms favors Rep. Cawthorn; and the public interest is served by enjoining unconstitutional statutes, this Court should enjoin the NCSBE's ability to enforce the Challenge Statue.

Pursuant to Federal Rule of Civil Procedure 65(a), all Defendants have been issued Notice of this Motion via mail and via email.

**WHEREFORE**, Plaintiff prays this Court grant Plaintiffs' Motion for Preliminary Injunction enjoining the Challenge Statute.

**Pl.'s Mot. for
Prelim. Inj.**

Dated: February 1, 2022

Respectfully submitted,

/s/ Josh Howard
Gammon, Howard & Zeszotarski, PLLC
The Water Tower Building
115 ½ West Morgan Street
Raleigh, NC 27601
jhoward@ghz-law.com
Phone: (919) 521-5878
Fax: (919) 882-1898
State Bar No. 26902
*Local Civil Rule 83.1(d) Counsel for Plaintiff*

/s/ James Bopp, Jr.
James Bopp, Jr., Ind. Bar No. 2838-84*
Melena S. Siebert, Ind. Bar No. 35061-15*
THE BOPP LAW FIRM
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
jboppjr@aol.com
msiebert@bopplaw.com
*Attorneys for Plaintiff*
 *Notice of Special Appearance Pending

**Pl.'s Mot. for Prelim. Inj.**  4

# Certificate of Service

I hereby certify that on February 1, 2022, a copy of the foregoing document was served upon the following persons by email and on February 1, 2022 by hand delivery:

Mr. Paul Cax  
Associate General Counsel  
North Carolina State Board of Elections  
430 N. Salisbury St.  
Raleigh, NC 27611

/s/ Josh Howard  
Attorney for Plaintiff

**Pl.'s Mot. for Prelim. Inj.**     5