UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-cv-00050-M

MADISON CAWTHORN, an individual,

*Plaintiff,*

v.

MR. DAMON CIRCOSTA, in his official capacity as Chair of the North Carolina State Board of Elections, MS. STELLA ANDERSON, in her official capacity as a member of the North Carolina State Board of Elections, MR. JEFF CARMON, in his official capacity as a member of the North Carolina State Board of Elections, MR. STACY EGGERS IV, in his official capacity as a member of the North Carolina State Board of Elections, MR. TOMMY TUCKER, in his official capacity as a member of the North Carolina State Board of Elections, MS. KAREN BRINSON BELL, in her official capacity as the Executive Director of the North Carolina State Board of Elections,

*Defendants, and*

BARBARA LYNN AMALFI, LAUREL ASHTON, NATALIE BARNES, CLAUDE BOISSON, MARY DEGREE, CAROL ANN HOARD, JUNE HOBBS, MARIE JACKSON, MICHAEL JACKSON, ANNE ROBINSON, DAVID ROBINSON, CAROL ROSE, and JAMES J. WALSH,

*Proposed Defendant-Intervenors.*

**BARBARA LYNN AMALFI, LAUREL ASHTON, NATALIE BARNES, CLAUDE BOISSON, MARY DEGREE, CAROL ANN HOARD, JUNE HOBBS, MARIE JACKSON, MICHAEL JACKSON, ANNE ROBINSON, DAVID ROBINSON, CAROL ROSE, and JAMES J. WALSH'S <u>MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANTS</u>**

Proposed Defendant-Intervenors Barbara Lynn Amalfi, Laurel Ashton, Natalie Barnes, Claude Boisson, Mary Degree, Carol Ann Hoard, June Hobbs, Marie Jackson, Michael Jackson, Anne Robinson, David Robinson, Carol Rose, and James J. Walsh ("Defendant-Intervenors") are the challengers under Article 11B of Chapter 163 of the North Carolina General Statutes to Plaintiff's candidacy -– the challenge which Plaintiff seeks to enjoin in this action. As North Carolina voters residing in the same district in which Plaintiff has filed to run for office, Defendant-Intervenors request intervention to protect their statutory interests to challenge Plaintiff's qualifications to run for office.

In short, Defendant-Intervenors instituted and are parties to the candidacy challenge sought to be enjoined in this action. If it is enjoined, Defendant-Intervenors will lose their statutory right to engage in that challenge. As shown below, therefore, Defendant-Intervenors meet the standards for intervention – both as of right and, alternatively, as a matter of discretion – under Rule 24 of the Federal Rules of Civil Procedure.

Defendant-Intervenors contend that Plaintiff's constitutional challenges to the North Carolina statutory regime that they have invoked are without merit and that Plaintiff is not entitled to an injunction on any of the four theories which he has advanced. As the Defendant-Intervenors' interests present common questions of law and fact as those presented in this action, and because intervention will not unduly delay or prejudice the rights of the existing parties, Defendant-Intervenors respectfully move to intervene in this matter.

## STATEMENT OF FACTS

As set forth in Plaintiff's own verified complaint ("Compl."), North Carolina law "allows any qualified registered voter registered in the same district" as "a candidate for 'any elective office in the State' to file a challenge that the Candidate does not meet the constitutional or statutory

2

qualifications for the office. (*Id*. at ¶ 2, citing N.C. Gen. Stat. §§ 163-127.1, 127.2(b).) Defendant-Intervenors are 13 qualified voters from the North Carolina congressional district for which Plaintiff filed his candidacy on December 7, 2021, (*see id*. at ¶ 9), who initiated the Challenge against Plaintiff on January 10, 2022 (*id*. at 42, the "Challenge"), which is the subject of this action.

Thus, while it is accurate to state, as Plaintiff does, that the Defendant members of the North Carolina State Board of Elections would play a ministerial role in appointing "a panel to conduct hearings on the Challenge" (Compl. ¶ 19), and potentially an adjudicative role regarding an appeal of the panel's decision (*id*. at ¶ 33, citing N.C. Gen. Stat. ¶ 163-127.6(a)), it is Defendant-Intervenors who set in motion the events that led to the filing of this action by Plaintiff, and it is their interests as Challengers which are most directly affected by Plaintiff's effort to enjoin the Challenge.[1]

**ARGUMENT**

**The Court Should Grant the Motion to Intervene.**

The Court should grant Defendant-Intervenors' Motion to Intervene. As demonstrated below, Defendant-Intervenors are entitled to intervention as of right because: (1) their motion is timely; (2) they have a strong interest in ensuring that their rights to initiate a candidacy challenge under North Carolina law are not impaired; (3) this action against the members of the North Carolina State Board of Elections seeks to impair this interest; and (4) the current Defendants –

---

[1] The day after Defendant-Intervenors filed the Challenge, on January 11, 2022, a North Carolina state court issued a stay to all challenges – including this Challenge – pending final resolution of ongoing litigation concerning the drawing of North Carolina's congressional maps under the North Carolina Constitution. (Compl. ¶ 46.) On February 4, 2022, the North Carolina Supreme Court issued an order striking down those congressional (and other) maps as unconstitutional under the state constitution and ordering the General Assembly to submit new maps to the trial court no later than February 18, and advising the parties "to anticipate that new districting plans for Congress…will be available by 23 February 2022." *Harper v. Hall*, No. 413PA21, slip op., at 9 (N.C. Feb. 4, 2022), found at:
https://appellate.nccourts.org/orders.php?t=PA&court=1&id=397836&pdf=1&a=0&docket=1&dev=1.

3

public officials with different roles to play in a candidacy challenge – cannot adequately represent this interest.

Alternatively, Defendant-Intervenors should be granted permissive intervention because they seek to oppose the relief Plaintiff seeks as such relief will undermine and, indeed, entirely negate Defendant-Intervenors' statutory rights to challenge Plaintiff's candidacy. Thus, Defendant-Intervenors' interests in preventing Plaintiff from prevailing present questions of law and fact in common with those presented in this action. Moreover, intervention will not unduly delay or prejudice the rights of the existing parties.

I. **The Court Should Grant the Motion to Intervene as of Right.**

Pursuant to Federal Rule of Civil Procedure 24(a)(2), Defendant-Intervenors are entitled to intervene in this action as of right. In the Fourth Circuit, a party seeking to intervene as of right under Rule 24(a)(2) must meet four requirements:

> (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation.

*Hous. Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). If a party seeking to intervene meets these requirements, it is abuse of discretion to deny the motion. *See, e.g.*, *Teague v. Bakker*, 931 F.2d 259, 260–62 (4th Cir. 1991). Moreover, "liberal intervention is desirable to dispose of as much of a controversy 'involving as many apparently concerned persons as is compatible with efficiency and due process.'" *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)). Defendant-Intervenors easily satisfy Rule 24(a)(2)'s requirements and the Court should grant their intervention as a matter of right.

A. **The Motion to Intervene Is Timely.**

In assessing the timeliness of a motion to intervene, courts in this Circuit consider three factors: (1) "how far the underlying suit has progressed"; (2) "the prejudice any resulting delay might cause the other parties"; and (3) if the motion is tardy, "why the movant was tardy" in filing it. *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014); *see also Diagnostic Devices, Inc. v. Taidoc Tech. Corp.*, 257 F.R.D. 96, 98 (W.D.N.C. 2009). However, "[t]he most important consideration is whether the delay has prejudiced other parties[.]" *Spring Constr. Co., Inc. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980). These factors compel a finding that Defendant- Intervenors' motion to intervene is timely.

The present motion by the Defendant-Intervenors is filed within one week of the January 31, 2022 filing of the Complaint in this action. As of the filing of this Motion, no responsive pleadings have been filed and no hearing before this Court has been scheduled. The Defendant-Intervenors may therefore participate in the present case without causing any delay or prejudice to any party and, as this case remains at a "relatively early stage," the motion is timely. *See Diagnostic Devices, Inc.* 257 F.R.D. at 98; *see also* Order, *Voter Integrity Project NC, Inc. v. Wake Cty. Bd. Of Elections*, Case No. 5:16-CV-683 (E.D.N.C. Dec. 1, 2016) (attached hereto as Exhibit A) (finding timely motion to intervene on behalf of defendants where "the case ha[d] not significantly progressed"); *Bellitto v. Snipes*, Case No. 16-cv-61474, 2016 WL 5118568, at *2 (S.D. Fla. Sept. 21, 2016) (finding motion by defendant-intervenors timely where the "case ha[d] not progressed beyond the initial pleading stage").

**B.     Defendant-Intervenors Have a Substantial Interest in this Case.**

In order to intervene as a matter of right, the Supreme Court has recognized that a party must have a "significantly protectable interest." *Teague*, 931 F.2d at 261 (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)). Here, in the words of the Fourth Circuit, Defendant-Intervenors "stand to gain or lose by the direct legal operation of the district court's judgment on

5

[Plaintiff's] complaint." *Id*. at 261. That factor as enunciated in *Teague*, has been held to be "the primary factor in the court's determination that a 'significantly protectable interest' existed." *Amer. Petroleum Inst. v. Cooper*, No. 5:08-CV-396-FL, 2009 WL 10688053 at *2 (E.D.N.C. Feb. 27, 2009) (quoting *Teague*, 931 F.2d at 261).

The interests of Defendant-Intervenors to ensure that their legal rights as qualified voters under the North Carolina statutes providing for candidacy challenges is an interest supporting intervention by right. *See, e.g.*, *NAACP v. Duplin Cty.*, No. 7:88-CV-00005-FL, 2012 WL 360018, at *2 (E.D.N.C. Feb. 2, 2012) (granting motion to intervene by right where the defendant-intervenor held an interest in the "circumstances of voting in Duplin County"). In that case, the Court considered the "special interest" of a group of "interested citizens and registered voters" from a particular district who sought to present "discrete evidence and briefing on … the intended purpose, scope, and effect" of the North Carolina statute at issue in that case. *Id*. at *2.

Here, Defendant-Intervenors have an interest in the circumstances of voting in their congressional district, and Defendant-Intervenors have a unique interest in the specific Challenge proceeding Plaintiff seeks to enjoin. Either one of these interests is sufficient. Defendant-Intervenors' interest in the Challenge proceeding is particularly relevant because Defendant-Intervenors are granted participation rights in the proceeding under North Carolina state law. N.C. Gen. Stat. §§ 163-127.1(3) (defining "challenger" to include Defendant-Intervenors); 163-127.4 (allowing challengers the right to take depositions, the right to request subpoenas, the right to notice of the hearing, and the right to present evidence); 163-127.6 (allowing challengers a right to appeal through administrative and judicial mechanisms).

### C. Denial of Defendant-Intervenors' Motion Will Impair Their Interests.

When seeking intervention as of right, the applicant must show denial of the motion "would impair or impede the applicant's ability to protect its interest[.]" *Moore*, 193 F.3d at 839. The

6

court-ordered relief that Plaintiffs seek to compel would, if granted, harm the recognized interests of Defendant-Intervenors established by North Carolina law. The threat is particularly grave because the requested relief includes both facial and as-applied challenges to the North Carolina statute. (*See* Compl. Counts I & III (facial challenges, ¶¶ 66-72, 80-85) & Counts II & IV (as-applied challenges (¶¶ 73-79, 86-91).) Plaintiff, in other words, is asking this Court to strike down the entirety of North Carolina's candidacy challenge regime in a manner which would necessarily end the proceeding initiated by Defendant-Intervenors in the North Carolina State Board of Elections. Through its as-applied challenge, the Complaint requests that the Court enjoin the specific Challenge proceeding to which Defendant-Intervenors are a party, even if the Court determines that the statute can withstand his facial challenges.

Courts require only that "an intervenor's claim 'bear a close relationship to the dispute between the existing litigants and [ ] be direct rather than remote or contingent." *Duplin Cty.*, 2012 WL 360018, at *3 (quoting *School Bd. of City of Newport News v. T.R. Driscoll, Inc.*, 2011 WL 3809216 at *3 (E.D. Va. 2011) (brackets in original)). The protection of that right and the fact that "as a practical matter," Defendant-Intervenors will be "impair[ed] or imped[ed] [in their] ability to protect that interest" will be lost absent intervention. *Duplin Cty.*, 2012 WL 360018, at *4. Here, there is much more than a close relationship; if Plaintiff prevails, Defendant-Intervenors' Challenge will end.

Accordingly, barring intervention, the outcome of any order, settlement or trial could effectively determine the policies and practices impacting Defendant-Intervenors, and affect a specific legal proceeding to which they are parties without their involvement and input. This practical disadvantage constitutes the prejudice contemplated by Rule 24(a) and supports intervention as of right. *See Feller*, 802 F.2d at 730 (permitting intervention based on "[p]ractical

7

impairment"). The interests of justice and judicial efficiency mandate that Defendant-Intervenors be made a party in the current proceeding so that these issues may be considered and litigated simultaneously. *See*, *e.g.*, *Verizon South Inc. v. Sanford*, No. 1:03CV01102, 2005 WL 8168024, at *1 (M.D.N.C. Oct. 5, 2005) (allowing intervention because "[o]nce this suit is decided, there will be no other mechanism" for the proposed intervenor to obtain a decision in its favor).

> D. **The Defendant May Not Adequately Protect the Interests of Defendant-Intervenors.**

In determining whether existing parties "adequately represent" the interests of intervenor applicants, Rule 24(a)(2)'s "third requirement [is satisfied] if it is shown that representation of its interest '*may be*' inadequate." *In re Sierra Club*, 945 F.2d 776, 779 (4th Cir. 1991) (emphasis in original); *see also Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). "[T]he burden of making [such a] showing should be treated as minimal." *Id*.

When a state-created defendant – such as the Board of Elections whose members are the Defendants here – has broad regulatory responsibilities to the public as a whole, the potential inadequacy of the representation of "the interests of a particular group of citizens" is easily established. *See Defenders of Wildlife v. N.C. Dep't of Transp.*, 281 F.R.D. 264, 369 (E.D.N.C. 2012) (finding that interest of defendant state agency and intervenor were "not directly aligned" when intervenor sought to "advocate primarily" for its individual members); *Amer. Petroleum Inst.*, 2009 WL 10688053 at *4 (allowing intervention because agency "must represent all the citizens of the state," not just those seeking a particular result in the underlying litigation).

Plainly, Plaintiff and Defendant-Intervenors have different views about the constitutionality, interpretation, and application of the North Carolina candidacy challenge statute. The Defendants' interests and interpretation of those statutes also may not be aligned with those of Defendant-Intervenors. The Defendants are public officials with broad regulatory

8

Case 5:22-cv-00050-M   Document 28   Filed 02/07/22   Page 8 of 11

responsibilities to the public which transcend the particular interests of the Defendant-Intervenors with respect to the Challenge they have lodged against Plaintiff.[2]

The importance of Defendant-Intervenors' participation in this case in addition to the participation of Defendants is underscored by the fact that many of Plaintiff's theories relate to issues that Defendants would have to neutrally adjudicate as part of the Challenge proceeding. Again, the fact that Plaintiff brings an "as-applied" challenge makes it particularly important that Defendant-Intervenors be allowed to participate. Plaintiff's as-applied challenge is an attempt to challenge Defendant-Intervenors' specific invocation of that statutory scheme as a means of protecting their voting interests. The Court should allow Defendant-Intervenors to intervene so that Defendant-Intervenors may defend the positions they have taken in the Challenge and which Defendants have not yet adopted as their own.

As Defendant-Intervenors have satisfied all the requirements for intervention as of right, their motion should be granted.

## II. Alternatively, the Court Should Grant Permissive Intervention Because Defendant-Intervenors' Defenses and the Claims and Defenses of the Plaintiffs' and Defendants' Share Common Questions of Law and Fact.

In the event that the Court finds the requirements for intervention as of right have not been satisfied, Defendant-Intervenors request that this Court grant them permissive intervention. Permissive intervention may be granted under Rule 24(b) if a would-be intervenor establishes that the application to intervene was timely and "alleges . . . a claim or defense that shares . . . a common question of law or fact" with the main action. *Diagnostic Devices, Inc.*, 257 F.R.D. at 100 (referencing Fed. R. Civ. P. 24(b)(1)(B)).

---

[2] The Fourth Circuit has also made it clear that "[p]articipation by the intervenors as amicus curiae is not sufficient to protect against these practical impairments" because "[a]micus participants are not able to make motions or to appeal the final judgment in the case." *Feller*, 802 F.2d at 730.

9

As discussed above, Defendant-Intervenors' Motion to Intervene is timely and intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Additionally, Defendant-Intervenors' defense and the main action both concern an identical legal question – whether the candidacy challenge can proceed according to North Carolina law. For that reason, the Defendant-Intervenors have provisionally filed with this motion a memorandum opposing the preliminary injunction sought by Plaintiff.

Indeed, "[i]n determining whether to allow permissive intervention, courts may consider whether such intervention will 'contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'" *Students for Fair Admissions v. Univ. of N.C.*, 319 F.R.D. 490, 496 (M.D.N.C. 2017) (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)); *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191–92 (2d Cir. 1978) (citing *Spangler,* 552 F.2d at 1329, for the same proposition).

## CONCLUSION

The Court should grant Defendant-Intervenors' motion to intervene as of right or, in the alternative, for permissive intervention.

This the 7th day of February, 2022.

    Respectfully submitted,

    */s/ Pressly M. Millen*
    Pressly M. Millen (State Bar #16178)
    Raymond M. Bennett (State Bar # 36341)
    Scott D. Anderson (State Bar # 49044)
    Hayes Jernigan Finley (State Bar # 47834)
    Womble Bond Dickinson (US) LLP
    555 Fayetteville Street, Suite 1100
    Raleigh, NC 27601
    Office: 919.755.2135
    Fax: 919.755.6067
    Email: Press.Millen@wbd-us.com
          Ray.Bennett@wbd-us.com

10

Case 5:22-cv-00050-M   Document 28   Filed 02/07/22   Page 10 of 11

Scott.D.Anderson@wbd-us.com
Hayes.Finley@wbd-us.com

John R. Wallace (State Bar #7374)
Lauren T. Noyes (State Bar #28130)
Post Office Box 12065
Raleigh, NC 27605
Office: 919.782.9322
Fax: 919.782.8133
Email: jrwallace@wallacenordan.com
ltnoyes@wallacenordan.com

Robert F. Orr (State Bar #6798)
3434 Edwards Mill Road, Suite 112-372
Raleigh, NC 27612
Office: 919.608.5335
Email: orr@rforrlaw.com

*Of Counsel*

James G. Exum, Jr. (State Bar #1392)
6 Gleneagle Ct.
Greensboro, NC 27408
Office: 336.554.1140
Email: jimxzoom@gmail.com

Ronald Fein*
John C. Bonifaz*
Ben Clements*
Courtney Hostetler*
Benjamin Horton*
Free Speech For People
1320 Centre St. #405
Newton, MA 02459
Office: 617.244.0234
Email: rfein@freespeechforpeople.org

*Attorneys for Defendant-Intervenors Barbara Lynn Amalfi, Laurel Ashton, Natalie Barnes, Claude Boisson, Mary Degree, Carol Ann Hoard, June Hobbs, Marie Jackson, Michael Jackson, Anne Robinson, David Robinson, Carol Rose, and James J. Walsh*

*Special appearances pursuant to L.R. 83.1