UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:22-cv-00050-M

| | | |
|---|---|---|
| MADISON CAWTHORN, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **STATE BOARD DEFENDANTS'** |
| | ) | **RESPONSE TO** |
| v. | ) | **PLAINTIFF'S MOTION TO** |
| | ) | **CONSOLIDATE** |
| DAMON CIRCOSTA, in his official capacity | ) | |
| as Chair of the North Carolina State Board of | ) | |
| Elections,, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**NOW COME** Defendants Damon Circosta, Stella Anderson, Jeff Carmon, III, Stacy Eggers, IV, Tommy Tucker, and Karen Brinson Bell ("Defendants" or "State Board Defendants"), through undersigned counsel, to provide this response to Plaintiff's motion to consolidate the hearing for preliminary injunction with a trial on the merits. [D.E. 5].

## Nature of the Case

On December 7, 2021, Plaintiff filed his notice to be a candidate for the 13th Congressional District. [D.E. 1, ¶ 9, 41]. On January 10, 2022, the State Board received challenges to Plaintiff's candidacy. *Id.*, ¶ 42. All candidate challenges for races subject to redistricting were stayed pending the resolution of State redistricting litigation. *Id.*, ¶ 46. Plaintiff filed this action on January 31, 2022 alleging that North Carolina's candidate challenge law, N.C.G.S. §§ 163-121.1, *et seq.* ("candidate challenge law"), is unconstitutional on multiple grounds. [D.E. 1].

Despite waiting three weeks to file his Complaint after the challenges were filed, Plaintiff then immediately filed a motion for a preliminary injunction, a motion to expedite, and a motion to consolidate the preliminary injunction hearing with a trial on the merits. [D.E. 2, 3, 5] Plaintiff's

filings all took place before Defendants were properly served with the pleadings.[1]

Plaintiff's attempt to dispense with the normal litigation process should be rejected. The constitutional issues raised by Plaintiff impact important public and governmental interests. Indeed, Plaintiff seeks to invalidate an entire state statutory scheme, eliminating procedures to keep candidates off the ballot who do not meet the legal qualifications for office, based on his contention that it is in conflict with the United States Constitution.

The potential invalidation of those laws, which are designed to promote confidence in the electoral process and in the candidates who wish to serve their fellow citizens, and prevent wasted elections or the need to re-run elections, should not be lightly or hastily decided. The need for the pretrial activities typical of most civil litigation that allow the parties and court to test a plaintiff's claim are of even greater importance in a case of such magnitude.

For these reasons, and the reasons detailed below, Plaintiff cannot meet the standard necessary to justify consolidating the preliminary injunction hearing with a trial on the merits.

## Statement of Facts

Defendants adopt and incorporate the Statement of Facts contained within their Response in Opposition to Plaintiff's Motion for Preliminary Injunction. [D.E. 45].

## Legal Argument

The limited purpose of a preliminary injunction is to preserve "the relative positions of the parties until a trial on the merits can be held." *AttorneyFirst, Ltd. Liab. Co. v. Ascension Entm't, Inc.*, 144 F. App'x 283, 287 (4th Cir. 2005) (quoting *University of Texas v. Camenisch*,

---

[1] Defendant has not yet been properly served in this matter. Given that Plaintiff's failure does not substantively impact his Motion to Consolidate, Defendants reserve the right to raise those arguments as part of any future motion to dismiss.

451 U.S. 390, 395 (1981)). The Supreme Court in *Camenisch* explained that given that limited

purpose, and the relative speed of preliminary injunction proceedings:

> a preliminary injunction is customarily granted on the basis of
> procedures that are less formal and evidence that is less complete
> than in a trial on the merits. A party thus is not required to prove
> his case in full at a preliminary-injunction hearing, […], and the
> findings of fact and conclusions of law made by a court granting a
> preliminary injunction are not binding at trial on the merits, […].
> In light of these considerations, it is generally inappropriate for a
> federal court at the preliminary-injunction stage to give a final
> judgment on the merits.

*Camenisch*, 451 U.S. at 395 (internal citations omitted). Despite it being "generally

inappropriate," the Supreme Court noted that consolidation may be appropriate under the Rule so

long as clear and unambiguous notice is given prior to the hearing to allow "the parties a full

opportunity to present their respective cases." *Id.*

In another election law case where a party sought to consolidate a preliminary injunction

with a trial on the merits, this Court denied the motion "[i]n light of the Supreme Court's

admonition that consolidation under Rule 65(a)(2) is generally inappropriate . . . ." *N.C. Right to*

*Life v. Leake*, No. 5:99-CV-798-BO(3), 2000 U.S. Dist. LEXIS 24024, at *4 (E.D.N.C. Mar. 10,

2000) (citing *Camenish*, 451 U.S. 390). In *Leake*, the plaintiffs sought to invalidate certain

campaign finance statutes that they contended were unconstitutional. *Id.* The defendants

opposed the motion to consolidate, noting that discovery should be conducted and the parties

should be permitted to develop empirical evidence in order to provide the factual context needed

to consider the constitutionality of the subject statutes. *Id.*

The same circumstances are present here. Within a span of five days, Defendants are

filing their opposition to Plaintiff's motion for preliminary injunction. In doing so, Defendants

(or for that matter, Plaintiff) will not have conducted any written discovery, taken any

depositions, obtained historical records, subpoenaed documents, retained experts, or fully

developed a comprehensive litigation strategy.  Indeed, Defendants have not yet filed any responsive pleadings.

Plaintiff contends that the entire array of evidence in this case is already before the Court, and that there exists no utility in engaging in any of the normal litigation process.  That assertion is, at best, dubious.  To defend the claims presented by Plaintiff, the State Board may need to present evidence supporting its interests; evidence of the legislative history and intent of both the states statutes in question; and information regarding  the interplay of Article I of the United State Constitution, the First Amendment, the Fourteenth Amendment, and the Amnesty Act of 1872.

The scope and perpetual impact of Plaintiff's claim requires more than mere days of notice, an avoidance of discovery, and other important pretrial engagements.  Thus, even with reasonable notice, Defendants would be deprived of "a full opportunity to present their respective cases." *Camenish*, 451 U.S. at 395.

Moreover, the relief requested is not simply applicable to Plaintiff.  It concerns the rules governing the contents of ballots across the state, and the procedures that are routinely used, in every election cycle, to avoid disqualified candidates appearing on the ballot.  Plaintiff offers no explanation why the Court should not be receive the benefit of additional proactive information that discovery might yield.  Even if limited, such evidence should be part of the Court's contemplation of a decision that will directly impact all North Carolinians.

Plaintiff's attempt to hurriedly invalidate the statutory framework developed by the North Carolina General Assembly in this manner, mere weeks before an election, is unnecessary and should be rejected. [D.E. 1, pp. 17]  North Carolina General Statutes that protect the integrity of

the ballot and are important to public confidence in our election system should not be invalidated

on an expedited basis without sufficient scrutiny through a normal litigation process.

## Conclusion

For the reasons above, the State Board Defendants respectfully request that Plaintiff's

motion to consolidate be denied.

This the 7th day of February, 2022.

JOSHUA H. STEIN
Attorney General

/s/ Terence Steed
Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
tsteed@ncdoj.gov

Mary Carla Babb
Special Deputy Attorney General
N.C. State Bar No. 25713
mcbabb@ncdoj.gov

Stephanie A. Brennan
Special Deputy Attorney General
N.C. State Bar No. 35955
sbrennan@ncdoj.gov

Amar Majmundar
Senior Deputy Attorney General
N.C. State Bar No. 24668
amajmundar@ncdoj.gov

Post Office Box 629
Raleigh, NC 27602
Phone: (919) 716-6900
Fax:  (919) 716-6763