## UNITED STATES DISTRICT COURT
## OF THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

| | |
|---|---|
| **MADISON CAWTHORN**, an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>**MR. DAMON CIRCOSTA**, in his official capacity as Chair of the North Carolina State Board of Elections, *et al.*<br><br>*Defendants*. | **Civ. No. 5:22-cv-00050-M** |

## Plaintiff's Reply in Support of Plaintiff's Motion to Consolidate

Pursuant to Federal Rules of Civil Procedure 65(a)(2), Plaintiff Madison Cawthorn ("**Rep Cawthorn**") moved this Court to consolidate the hearing on Plaintiff's Motion for Preliminary Injunction with the trial on the merits of Plaintiff's Verified Complaint (ECF 1).

Consolidation serves the interests of justice and is proper in this case for at least the following reasons: (1) Plaintiff's likelihood of success on the merits is decisive and will be before this Court as a matter of law at the hearing for preliminary injunction; (2) the same evidence is relevant to Plaintiff's preliminary injunction and the merits resulting in avoidance of needless repetition of evidence; (3) there is no need for additional information or discovery as all relevant information is already in the hand of the parties; and (4) it will expedite resolution of this case

**Pl.'s Reply ISO**
**Mot. to Consolidate**

and conserve judicial resources. This Court should grant Plaintiff's Motion to Consolidate.

## Service of Process

Rep. Cawthorn filled this case on January 31, 2022. NCSBE was properly served the next day by hand delivery. (DE 13 at 2). Service was accomplished by hand delivering hard copies of all filings on the Associate General Counsel of the NCSBE, via the NCSBE delivery lockbox.[1] The summons issued in this case were required to be made on the Associate General Counsel of the NCSBE. (DE 7).

Prior to consolidation, "the parties should normally receive clear and unambiguous notice to that effect either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases." *Berry v. Bean*, 796 F.2d 713, 719 (4th Cir. 1986) (quoting *Pughsley v. 3750 Lake Shore Drive Corp. Building*, 463 F.2d 1055, 1057 (7th Cir. 1972)). Rep. Cawthorn provided such clear notice here, by emailing and hand delivering hard copies of all filings to the NCSBE's counsel.

## Statement of Facts

This case involves constitutional challenges to the candidacy challenge statute ("**Challenge Statute**") of North Carolina. (DE 1 at ¶ 1). Rep. Cawthorn claims that the Challenged Statutes are both facially and as applied to him unconstitutional. *Id.* ¶¶ 66-91. As this Court noted, in its Order expediting briefing this case, there is good cause for quick and efficient resolution of this case. (DE 18 at 1). Particularly, the deadline for candidates to file is March 4, 2022, and the likely possibility for the primary (and possibly the general election) will occur prior

---

[1] Due to COVID restrictions, the delivery lockbox is the designated point of delivery.

**Pl.'s Reply ISO**
**Mot. to Consolidate**                    1

to the resolution of this case if the review is not expedited.

Accordingly, Rep. Cawthorn, at the offset of this case, filed a Motion to Consolidate, which in his good faith effort to expedite resolution of this case.

## Argument

"Before or after beginning the hearing on a motion for preliminary injunction, the court ma advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ. P. 65(a)(2). The decision of whether to consolidate rests firmly within the discretion of the trial court. *Berry*, 796 F.2d at 719.

Civil rights cases are especially suitable for such simultaneous development. *Singleton v. Anson Cty. Bd. of Ed.* 387 F.2d 349, 351 (4th Cir. 1967). Consolidation is proper where the preliminary injunction and trial require the introduction of the same evidence because it promotes judicial economy.

### I. Consolidation is Proper in this Case

Consolidation in this case serves the interests of justice. A court's consolidation is particularly helpful "when it appears that a substantial part of the evidence offered on the application will be relevant to the merits and will be presented in such form as to qualify for admission on the trial proper." Fed. R. Civ. Pro. 65(a)(2) Advisory Committee's Note to 1966 Amendment. "The fact that the proceedings have been consolidated should cause no delay in the disposition of the application for the preliminary injunction, for the evidence will be directed in the first instance to that relief, and the preliminary injunction, if justified by the proof, may be issued in the course of the consolidated proceedings." *Id.* Finally, consolidation will "expedite

**Pl.'s Reply ISO**
**Mot. to Consolidate**                    2

the final disposition of the action." *Id.*

## A. The Same Evidence will be Used for the Preliminary Injunction and the Merits

Any factual evidence that may be required and gathered for the preliminary injunction will be relevant to the merits of the case. The issues before this Court are entirely questions of law and no (or extremely minimal) factual development of the record will be required. See (DE 8). Rep. Cawthorn's likelihood of success on the merits is decisive and will be before this Court as a matter of law at the hearing for preliminary injunction.

NCSBE argues that additional discovery is needed, similar to *N.C. Right to Life v. Leake*, No. 5:99-CV-798-BO(3), 2000 WL 36741021 (March 10, 2000). However, *N.C. Right to Life* differs from the present matter. *N.C. Right to Life* dealt with a constitutional challenge to a campaign finance statute. 2000 WL 36741021 at *1. Defendants objected noting that they may present a factual context of the government's interest in passing the campaign finance statutes at issue by using "empirical evidence." *Id.* Therefore, the Court denied the motion to consolidate.

Such evidence, not already before the Court or parties, is not present here. Defendants may need evidence such as the "legislative history and intent of both the state statutes," and "information regarding the interplay of Article I of the United States Constitution, the First Amendment, the Fourteenth Amendment, and the Amnesty Act of 1872." (DE 46 at 4). This information constitutes legal research, not factual development, requiring discovery.

Discovery is not needed here. Any depositions, interrogatories, or other requests for Rep. Cawthorn would not go to the claims of this case, but rather would be relevant to the underlying Candidacy Challenge that prompted this lawsuit. Although Rep. Cawthorn vigorously denies that

**Pl.'s Reply ISO**
**Mot. to Consolidate**                              3

he engaged in insurrection against the United States, the case before this Court does not rely upon Rep. Cawthorn's factual defenses. (DE 9 at 1). Because this case turns almost entirely on questions of law, factual discovery would be irrelevant to this Court's decision, and there is no need for discovery of additional facts.

Rep. Cawthorn and the NCSBE will present the same minimal facts already presented at any hearing on the merits, and the standard of proof to which they will have been subjected is sufficient for their consideration on the claim's merits. Therefore, consolidation will avoid needless repetition of the evidence.

Thus, all of the facts necessary to determine the merits of the complaint are, or will be, before the Court at the preliminary injunction hearing. So consolidation of the decision on a preliminary injunction with the merits of the Verified Complaint is proper.

**B.      A Decision on the Merits will Expedite Resolution of this Case.**

Consolidation will also provide for an expeditious resolution of this case, thereby conserving judicial resources.

The primary goal of Rep. Cawthorn is to protect his constitutional rights implicated by his run for political office. Even short deprivations of these Constitutional rights constitutes irreparable harm relevant to the preliminary injunction. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Consequently, if the NCSBE is not enjoined from depriving Rep. Cawthorn of these rights now, he will irreparably lose those rights. So expedition is necessary.[2] But such expedition serves another purpose—conserving judicial resources.

---

[2]As further detailed in Rep. Cawthorn's Motion to Expedite, and granted by this Court. (DE 3 and DE 18).

Whether or not the NCSBE is enjoined from enforcing the Challenge Statute, and whether Rep. Cawthorn is entitled to a preliminary injunction will determine this matter. So consolidation of the decision on a preliminary injunction with the merits of the Verified Complaint will expeditiously resolve this case and conserve the resources of this Court—avoiding the need for two separate hearings and redundant briefing.

Consolidation of the decision on a preliminary injunction with the merits of the Verified Complaint will expeditiously resolve this case and preserve judicial resources.

## Conclusion

Consolidation serves the interests of justice and is proper in this case for at least the following reasons: (1) Plaintiff's likelihood of success on the merits is decisive and will be before this Court as a matter of law at the hearing for preliminary injunction; (2) the same evidence is relevant to Plaintiff's preliminary injunction and the merits resulting in avoidance of needless repetition of evidence; (3) there is no need for additional information or discovery as all relevant information is already in the hand of the parties; and (4) it will expedite resolution of this case and conserve judicial resources. This Court should grant Plaintiff's Motion to Consolidate.

**Pl.'s Reply ISO**
**Mot. to Consolidate**       5

Dated: February 11, 2022

/s/ Josh Howard
Gammon, Howard & Zeszotarski, PLLC
The Water Tower Building
115 ½ West Morgan Street
Raleigh, NC 27601
jhoward@ghz-law.com
Phone: (919) 521-5878
Fax: (919) 882-1898
State Bar No. 26902
*Local Civil Rule 83.1(d) Counsel for
Plaintiff*

Respectfully submitted,

/s/ James Bopp, Jr.
James Bopp, Jr., Ind. Bar No. 2838-84*
*Lead Attorney for Plaintiff*
Melena S. Siebert, Ind. Bar No. 35061-15*
*Attorney for Plaintiff*
THE BOPP LAW FIRM
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
jboppjr@aol.com
msiebert@bopplaw.com
*Attorneys for Plaintiff*
*Special Appearance Filed

**Pl.'s Reply ISO**
**Mot. to Consolidate**                 6

## Certificate of Compliance with Type-Volume Limit

I hereby certify that this document complies with the word limit of Local Civil Rule (f)(2)(3) because, excluding the parts of the document exempted by Local Civil Rule (f)(1), this document contains 1,456 words and does not exceed 10 pages. All word counts were generated by the word processing software used.

February 11, 2022

/s/ James Bopp, Jr.
James Bopp, Jr.
*Lead Counsel for Plaintiff*