UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF NORTH
CAROLINA WESTERN DIVISION

| | |
|---|---|
| **MADISON CAWTHORN**, an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>**MR. DAMON CIRCOSTA**, in his official capacity as Chair of the North Carolina State Board of Elections, **MS. STELLA ANDERSON**, in her official capacity as a member of the North Carolina State Board of Elections, **MR. JEFF CARMON**, in his official capacity as a member of the North Carolina State Board of Elections, **MR. STACY EGGERS IV**, in his official capacity as a member of the North Carolina State Board of Elections, **MR. TOMMY TUCKER**, in his official capacity as a member of the North Carolina State Board of Elections, **MS. KAREN BRINSON BELL**, in her official capacity as the Executive Director of the North Carolina State Board of Elections.<br><br>*Defendants.* | FILED<br><br>DATE 2/23/2022<br>PETER A. MOORE JR CLERK<br>US DISTRICT COURT, EDNC<br><br>**Civ. No. 5:22-cv-00050-M** |

## MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR *AMICUS CURIAE* STATUS BY THE NORTH CAROLINA REPUBLICAN PARTY

The North Carolina Republican Party ("NCGOP") has a special interest in this litigation and can offer its unique perspective to the Court as it considers Plaintiff's Motion for Preliminary Injunction and the merits of the case. Neither Plaintiff nor Defendants oppose NCGOP's participation as *amicus curiae*. Specifically, the NCGOP offers the Court its perspective on (1) the proper entity to determine the qualifications of members of Congress, (2) the question of "candidate" versus "member" qualifications, and (3) the application of these principles in the

context of Section 3 of the 14th Amendment of the United States Constitution. The NCGOP thus respectfully requests leave to file the accompanying proposed *amicus curiae* brief.

**ARGUMENT**

District courts have discretion whether to grant leave to file an amicus brief. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008); *Giuliani v. Duke University, Civil Action No. 1:08CV502*, 2010 U.S. Dist. LEXIS 32691, at *11 (M.D.N.C. March 30, 2010). District courts will often grant such leave when the proposed *amici* will provide "information that will aid the court's understanding of the case and the potential ramifications of the resolution of the case." *Red Wolf Coal. v. N.C. Wildlife Res. Comm'n*, No. 2:13-CV-60-BO, 2014 U.S. Dist. LEXIS 65601 (E.D.N.C. May 13, 2014); *See Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013) (noting that non-parties have the option to file amicus briefs in district court proceedings and that such amici "often make useful contributions to litigation").

"*Amicus curiae* is a Latin phrase for 'friend of the court'" and *amici* "serves only for the benefit of the court, assisting the court in cases of general public interest, by making suggestions to the court, . . . and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *M.E. v. T.J.*, 275 N.C. App. 528, 577–78 (2020) (citing *Alexander v. Hall*, 64 F.R.D. 152, 155 (D.S.C. 1974)) (citations omitted in original); *See also* 4 Am. Jur. 2d Amicus Curiae § 3 ("Another factor courts consider is whether the case has broad implications or is of general public interest.") (citations omitted).

"At the trial level, where the issues of fact as well as law predominate, the aid of amicus curiae may be less appropriate than at the appellate level where such participation has become standard procedure." *Bryant v. Better Business Bureau of Greater Maryland, Inc.*, 923 F. Supp. 720, 727 (D.Md. 1996) (citation omitted). However, "[t]he aid of *amici curiae* has been allowed

at the trial level where they provide helpful analysis of the law" and where "they have a special interest in the subject matter of the suit . . . ." *Bateman et al v. Perdue et al*, No. 5:10CV265H (E.D.N.C. Jan. 20, 2011) (order granting motion for leave to file as *amici*) (citing *Bryant*, 923 F. Supp. at 728) (internal citations omitted).

Courts often grant leave to file an *amicus* brief for organizations that "represent large constituencies of individuals which have a vested interest" in the resolution of the case. *Bryant*, 923 F. Supp. at 728; *see also Perry-Bey v. City of Norfolk, Va.*, 678 F. Supp. 2d 348, 357 (E.D. Va. 2009) (granting leave for NAACP to file an *amicus* brief).

While there is no Federal Rule of Civil Procedure that applies to motions for leave to appear as *amicus curiae* in district court and an *amicus* need not fulfill any particular formal prerequisites, district courts exercising this discretion often look for guidance to Federal Rule of Appellate Procedure 29, which applies to *amicus* briefs in federal appellate cases. *See, e.g., Am. Humanist Ass'n v. Md. Nat'l Capital Park & Planning Comm'n*, 147 F. Supp. 3d 373, 389 (D. Md. 2015). Rule 29 provides that prospective *amici* must file along with the proposed brief, a motion that states "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. Proc. 29(a)(3). Here, in accordance with Local Rule 7.2, the NCGOP offers this Memorandum of Law in support of its motion for leave. See E.D.N.C. Local Rule 7.1(e) (2019).

## I.      INTEREST OF THE NCGOP

The North Carolina Republican Party ("NCGOP"), founded in 1867, is the state political organization of the Republican Party in the State of North Carolina. As of 21 February 2022, there are over two million registered Republican voters in North Carolina. Additionally, the NCGOP encompasses subsidiary local organizations, including 100 county and thirteen congressional

district Republican party organizations. The NCGOP and its subsidiary organizations assist in recruiting and provide support for congressional candidates. At this time, for 2022, there are twenty-two Republican candidates running to represent North Carolina in Congress. The NCGOP represents the interests of Republican voters, Republican subsidiary organizations, and Republican candidates for office at all levels.

This case is undoubtedly of significant public interest. However, the NCGOP's interest runs much deeper than "general interest" and indeed should be viewed as a special and vested interest in that: (1) the NCGOP seeks to ensure that individuals seeking to run as Republican candidates are afforded the appropriate opportunity to do so, and (2) the Republican voters of North Carolina have the right to select a candidate of their own choosing.

Should the North Carolina State Board of Elections ("SBE") be allowed to move forward with their proposed adjudication of the qualifications of congressional candidates, this would significantly undermine the rights of Republicans to run for office and for voters to vote for a Republican candidate of their choice.

## II. THE MATTERS ASSERTED IN THE *AMICUS* BRIEF ARE USEFUL AND RELEVANT TO THE COURT'S REVIEW OF THE EXCLUSIVE POWER OF CONGRESS TO JUDGE THE QUALIFICATIONS OF ITS MEMBERS.

The NCGOP's proposed brief focuses solely on the legal issues before the Court related to Article I, Sections 4 and 5 of the United States Constitution and Section 3 of the Fourteenth Amendment. The NCGOP seeks to provide a plenary presentation and helpful analysis of those issues in order to aid this Court in understanding the potential ramifications of its decision and to suggest the proper resolution thereof.

Specifically, the proposed brief provides an overview of state and federal court jurisprudence on the question of congressional qualifications—including alleged

disqualifications—and who is to adjudicate those qualifications, recent scholarly review of the issue, and the potential impact of the SBE's proposed action.

The brief concludes that: (1) the power to judge qualifications for congressional office is reserved to Congress, not to the SBE; (2) the State's judgment of an individual's qualifications as a candidate unconstitutionally adds to congressional qualifications; and (3) the SBE has no power to judge whether a candidate is qualified for Congress under Section 3 of the Fourteenth Amendment.

## CONCLUSION

For the foregoing reasons, the NCGOP respectfully asks that this Court grant the Motion for Leave to File *Amicus Curiae*.

Respectfully submitted the 22nd day of February, 2022.

Philip R. Thomas
State Bar No. 53751
philip.thomas@ncgop.org
1506 Hillsborough St.
Raleigh, NC 27605
Telephone: 919-828-6423

Kevin J. Cline
State Bar No. 57854
kevin@kevinclinelaw.com
Kevin Cline Law, PLLC
P.O. Box 143
300 Fayetteville St.
Raleigh, NC 27601
Telephone: 919-504-1821

*Attorneys for Amici the North Carolina Republican Party*

# CERTIFICATE OF SERVICE

I, Philip R. Thomas, hereby certify that I manually filed the foregoing motion with the Clerk of the Court this 22nd day of February, 2022. I also certify that the following counsel of record, who have consented to electronic service, will be served the foregoing brief via email:

Philip R. Thomas
State Bar No. 53751
philip.thomas@ncgop.org
1506 Hillsborough St.
Raleigh, NC 27605
Telephone: 919-828-6423

JOSHUA H. STEIN/s/
Attorney General

/s/ Terence Steed
Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
tsteed@ncdoj.gov

Mary Carla Babb
Special Deputy Attorney General
N.C. State Bar No. 25713
mcbabb@ncdoj.gov

Stephanie A. Brennan
Special Deputy Attorney General
N.C. State Bar No. 35955
sbrennan@ncdoj.gov

Amar Majmundar
Senior Deputy Attorney General
N.C. State Bar No. 24668
amajmundar@ncdoj.gov

Post Office Box 629
Raleigh, NC 27602
Phone: (919) 716-6900

/s/ Josh Howard
Gammon, Howard & Zeszotarski, PLLC
The Water Tower Building
115 1/2 West Morgan Street
Raleigh, NC 27601
jhoward@ghz-law.com
Phone: (919) 521-5878
Fax: (919) 882-1898
State Bar No. 26902

/s/ James Bopp, Jr.
Ind. Bar No. 2838-84*
Melena S. Siebert,
Ind. Bar No. 35061-15*
THE BOPP LAW FIRM
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
jboppjr@aol.com
msiebert@bopplaw.com
*Attorneys for Plaintiff*
*Special Appearance Filed

Fax: (919) 716-6763

*Counsel for Defendants*