UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **MADISON CAWTHORN**, an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>**MR. DAMON CIRCOSTA**, in his official capacity as Chair of the North Carolina State Board of Elections, *et al.*<br><br>*Defendants*. | **Civ. No. 5:22-cv-00050-M** |

# Plaintiff's Response to Notice of Action by North Carolina State Board of Elections

Recent actions by the North Carolina State Board of Elections do not moot this case, and this Court should proceed to the merit's of Plaintiff's complaint.

The NCSBE has notified the 13 Candidate Challengers of Rep. Cawthorn's congressional candidacy ("**Challenges**") that their Challenges are no longer valid under North Carolina law, and that it will not proceed to appoint a panel to hear those Challenges. *See* (DE 67-1). Cawthorn responds that, first, the NCSBE did not follow the statutorily-required process for making the determination that the Challenges were no longer valid, so the decision not to proceed with the Challenges is itself invalid. And, second, even if the action of the NCSBE is valid and it may lawfully refuse to proceed with the Challenges, this case is not moot because it falls under the "capable of repetition, yet evading review" exception to the mootness doctrine.

**Pl.'s Resp. to Not.
of Action by NCSBE**

**I. The NCSBE did not follow the statutory requirements in reaching its determination.**

Under North Carolina law, once a Challenge is filed, "the State Board shall appoint a panel within two business days after the challenge is filed." N.C. Gen. Stat. Ann. § 163-127.3(2) ("**Challenge Statute**"). No other action by the NCSBE is permitted or provided for under the Challenge Statute. While the Challenges was stayed due to the redistricting litigation, which originally stayed the requirement that the NCSBE appoint a panel to hear the Challenge within two business days, once the stay was lifted, this statutory requirement was reinstated.[1]

Without appointing a panel, however, the NCSBE claims that it has determined that the Challenges are invalid and it "will not proceed to appoint a panel to hear these challenges." [DE 67-1 at 3]. Doing so is plainly contrary to state law.

First, the Challenge Statute requires the NCSBE to process initially a candidate challenge by appointing a panel. No other public official is empowered to take any action regarding the matter, except the NCSBE itself. However, there is no record of *any* meeting of the NCSBE since January 20, 2022,[2] and none on February 23rd or 24th, during which the NCSBE claims that it make the determination not to proceed with the Challenges. Thus, there is no valid action of the NCSBE, described in the February 24th letter, and the NCSBE is currently statutorily required to appoint a panel to hear the Challenges now.

Second, the NCSBE is not authorized under the Challenge Statute to make a

---

[1] For the purpose of this response, Rep. Cawthorn assumes that the redistricting litigation has concluded so that the stay is lifted. However, if this does not prove to be the case, the NCSBE's determinations regarding the Challenges is also invalid for violating the stay.

[2] North Carolina State Board of Elections, Past Events, https://www.ncsbe.gov/past-sbe-events

**Pl.'s Resp. to Not.
of Action by NCSBE**

determination of the validity of the Challenges or to refuse to proceed to appoint a panel to hear them. It is the *panel's* responsibility to conduct a hearing and make determinations of fact and law, N.C. Gen. Stat. Ann. § 163-127.4, so it is the panel's initial authority to determine the validity of the Challenges, not the NCSBE. In making a determination of the validity of the Challenges, the panel could have invalidated them. The NCSBE has no statutory authority to do so *sua sponte*.

Even if this Court finds that the NCSBE had the power to invalidate the Challenges, without a meeting and without first appointing a panel, this case is not moot.

**II. This case is not moot because it is capable of repetition, yet evading review.**

The capable of repetition, yet evading review, exception to mootness applies where "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again." *FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 461 (2007). The second prong requires a "reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party." *Id*. 463 (internal quotes and citations omitted). But "repetition of every 'legally relevant' characteristic" is not necessary. *Id; see also Incumaa v. Ozmint*, 507 F.3d 281, 289 (4th Cir. 2007). Courts will not apply this exception to mootness when a plaintiff's own wrongdoing determines whether or not he will be subjected to the alleged illegality. *See id.* (finding plaintiff would only be subjected to policy if he "buck[ed] prison policy" so the exception did not apply). Here, both prongs of the doctrine are satisfied.

**Pl.'s Resp. to Not.
of Action by NCSBE**

Even with this Court's expedition of this case, it could not be resolved before the redistricting litigation was completed. So, regardless of the NCSBE's determination that the Challenges are "no longer valid," because of the changes in the Congressional districts and the district in which Rep. Cawthorn is a candidate, it is beyond doubt that Rep. Cawthorn will face another candidate challenge under the same Challenge Statute based upon the same allegations.

The NCSBE determined that Rep. Cawthorn is "currently a candidate for the newly redrawn 13th Congressional District, unless he withdraws from that contest." [DE 67-1 at 3]. Rep. Cawthorn has already verified that he will seek reelection to an appropriate congressional district, even if the redrawn districts change. [DE 1, ¶ 48]. Finally, Rep. Cawthorn not only has a "reasonable expectation" that he will once again be subject to the same candidate challenge again, but it is virtually guaranteed by those who represented the original Challengers.

Just yesterday, John Wallace, one of several attorneys who represented the original Challengers, asserted, "I don't know when or whether Cawthorn will file . . . And yet I feel certain that, unless we are enjoined by the federal court, that we will find challengers that will be eager to restart the process."[3] Even if Rep. Cawthorn refiles in a different district, Mr. Wallace felt confident the challenge effort would continue because he had "overflowing inboxes of support from voters in that part of the state" willing to back a challenge. *Id*. Mr. Wallace's comments bolster the evidence Rep. Cawthorn presented to this Court in earlier briefing. *See* [DE 51].

---

[3]Travis Fain, Cawthorn candidacy challenge 'no longer valid,' state says, WRAL.com, https://www.wral.com/cawthorn-candidacy-challenge-no-longer-valid-state-says/20156979/ , Ex. A.

**Pl.'s Resp. to Not.
of Action by NCSBE**

The original Challengers are represented by counsel for Free Speech for People, a legal advocacy group dedicated to launching "innovative and groundbreaking legal actions" to further the organization's goals.[4] One of those legal actions is its "14Point3 Campaign," which "urge[s] Secretaries of State and chief election officials across the country to . . . bar insurrectionists from any future ballot."[5] Ron Fein, one of the counsel for the Challengers, recently appeared on CNN's Newroom where he stated, "we are definitely planning to file a series of these challenges. I don't want to talk about specific Members just yet, but Rep. Cawthorn is the first, but he will not be the last."[6] Mr. Fein continued, "the evidence that we've put forth is enough that unless Cawthorn wants to come and try and present his case, which he is certainly entitled to do, the State Board of Elections will be compelled to rule he is disqualified." *Id*.

Rep. Cawthorn is not committing a wrongful or unlawful act by filing his candidacy—rather, he is engaged in core First Amendment activity by participating in the political process that is foundational to our Republic. Filing his candidacy is not repeating a "wrongful activity," such as when a prisoner chooses to break prison rules. And Rep. Cawthorn cannot control whether he will be subject to a future candidate challenge when he does so. Instead, the same attorneys who represented the original Challengers have virtually guaranteed that he will be subject to another candidate challenge on the same grounds. This is the very

---

[4] Free Speech for People Website, *About*, https://freespeechforpeople.org/about/

[5] Free Speech for People, The 14Point3 Campaign, https://freespeechforpeople.org/the-14point3-campaign/

[6] CNN Newsroom, Interview with Victor Blackwell and Alisyn Camerota, Jan. 14, 2022 starting at 2:44. https://www.youtube.com/watch?v=A6hzr8bijRg

**Pl.'s Resp. to Not.
of Action by NCSBE**

definition of an action that is capable of repetition, yet evading review.

## Conclusion

The NCSBE did not comply with the Challenge Statute in making its alleged decision that the original Challenges are not valid and that they would not appoint a panel to hear them, since there was no meeting of the NCSBE in which such a decision could have been made, and because the NCSBE has no statutory power to make this initial determination and refuse to appoint a panel.

Regardless, this case is capable of repetition, but escapes review. This matter could not be fully resolved before the redistricting litigation concluded, possibly mooting the original Challenges, but another candidate challenge on the same grounds is virtually guaranteed by the same actors behind the original Challenges. Therefore, it is subject to the mootness exception of capable of repetition, yet evading review, and this Court should proceed to the merits of Plaintiff's complaint.

**Pl.'s Resp. to Not.
of Action by NCSBE**

Dated: February 25, 2022

/s/ Josh Howard
Gammon, Howard & Zeszotarski, PLLC
The Water Tower Building
115 ½ West Morgan Street
Raleigh, NC 27601
jhoward@ghz-law.com
Phone: (919) 521-5878
Fax: (919) 882-1898
State Bar No. 26902
*Local Civil Rule 83.1(d) Counsel for Plaintiff*

Respectfully Submitted,

/s/ James Bopp, Jr.
James Bopp, Jr., Ind. Bar No. 2838-84*
*Lead Attorney for Plaintiff*
Melena S. Siebert, Ind. Bar No. 35061-15*
*Attorney for Plaintiff*
THE BOPP LAW FIRM
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
jboppjr@aol.com
msiebert@bopplaw.com
*Attorneys for Plaintiff*
*Special Appearance Filed

**Pl.'s Resp. to Not.
of Action by NCSBE**        7

Case 5:22-cv-00050-M   Document 68   Filed 02/25/22   Page 7 of 7