# EXHIBIT F

FILED: March 17, 2022

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-1251
(5:22-cv-00050-M)

_____

MADISON CAWTHORN

      Plaintiff - Appellee

v.

BARBARA LYNN AMALFI; LAUREL ASHTON; NATALIE BARNES; CLAUDE BOISSON; MARY DEGREE; CAROL ANN HOARD; JUNE HOBBS; MARIE JACKSON; MICHAEL JACKSON; ANNE ROBINSON; DAVID ROBINSON; CAROL ROSE; JAMES J. WALSH

      Parties-in-Interest - Appellants

_____

CONSTITUTIONAL ACCOUNTABILITY CENTER

      Amicus Supporting Appellants

and

DAMON CIRCOSTA, in his official capacity as Chair of the North Carolina State Board of Elections; STELLA ANDERSON, in her official capacity as a member of the North Carolina State Board of Elections; JEFF CARMON, in his official capacity as a member of the North Carolina State Board of Elections; STACY EGGERS, IV, in his official capacity as a member of the North Carolina State Board of Elections; TOMMY TUCKER, in his official capacity as a member of the North Carolina State Board of Elections; KAREN BRINSON BELL, in her official capacity as the Executive Director of the North Carolina State Board of

    Elections

            Defendants - Amici Curiae

and

NORTH CAROLINA REPUBLICAN PARTY

            Amicus Supporting Appellee

———————

O R D E R

———————

    This case raises serious substantive questions, and we express no opinion about the merits of those questions or whether the district court correctly resolved them. At this point, we have before us only a motion to stay and a notice appealing two orders: the denial of intervention and the grant of injunctive relief. Like the motion to stay, the notice of appeal was filed by private individuals who were not named as defendants and who were denied intervention in the district court, and the only defendants before the district court have not appealed. For that reason, the current application for a stay is denied without prejudice.

    At the same time, events since the district court's denial of intervention— including filings before this Court—reveal that circumstances may have changed, and the district court suggested it would revisit intervention if the posture of the case changed. We thus believe a limited remand is appropriate in aid of our own jurisdiction to permit appellants to file and the district court to consider a new motion

to intervene on an expedited basis. In considering any such motion, the district court should consider which (if any) proposed intervenors still have a challenge remaining before the state board of elections and whether the state court order staying all qualification-related challenges remains in effect. This Court retains jurisdiction over the appeal in all other respects.

                        For the Court

                        /s/ Patricia S. Connor, Clerk