UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **MADISON CAWTHORN**, an individual, <br><br> *Plaintiff*, <br><br> v. <br><br> **MR. DAMON CIRCOSTA**, in his official capacity as Chair of the North Carolina State Board of Elections, *et al.* <br><br> *Defendants*. | **Civ. No. 5:22-cv-00050-M** |

# Plaintiff's Memorandum Supporting Motion for Attorney's Fees and Expenses with Fair Estimate and Request for Briefing Schedule

## Introduction

Plaintiff Madison Cawthorn ("**Rep. Cawthorn**") filed suit on January 31, 2022, challenging, under 42 U.S.C §§ 1983 and 1988, North Carolina's "**Challenge Statute**," N.C.G.S. § 163-127.1, *et seq.*, as violating Rep. Cawthorn's First Amendment right to run for political office, violating his right to due process, violating Article 1, § 5, and violating the Amnesty Act of 1872 as applied to Rep. Cawthorn under Section Three of the Fourteenth Amendment. *See* Verified Complaint (ECF No. 1). He sought, among other relief, a declaratory judgment and an injunction enjoining the North Carolina State Board of Elections (the "**Board**") from proceeding against Rep. Cawthorn under the Challenge Statute. *Id.* at ¶¶ 4, 5 (Prayer for Relief).

Contemporaneously with his complaint, Rep. Cawthorn filed motions for preliminary injunction, to expedite, and to consolidate the hearing of preliminary injunction with a hearing on

**Pl.'s Mem. Supp. Mot. Atty's Fees
With Fair Estimate and Request
For Briefing Schedule**        1

the merits. ECF Nos. 2, 3, 5. This Court granted the motion to consolidate on February 21, 2022. The Board filed a motion to dismiss on February 22 and after a hearing on March 4, 2022, this Court denied Defendants' motion to dismiss, found Rep. Cawthorn was likely to succeed on the merits of the case, and granted an injunction against enforcement of the Challenge Statute by the Board. ECF No. 74. The Court filed its Order on March 10, 2022. ECF No. 78, in which it declared that proceeding against Rep. Cawthorn under the Challenge Statute would violate federal law, *id.* at 23, and permanently enjoined the Board from doing so, *id.* at 26.

Certain proposed intervenors[1] filed a notice of appeal on March 9, 2022, seeking reversal of this Court's denying their intervention and its grant of the injunction, ECF No. 75, and on the same day filed an emergency motion with the Fourth Circuit to stay the injunction. *See Cawthorn v. Amalfi*, No. 22-1251 (4th Cir. 2022) (Appellate ECF No. 3). On March 17, 2022, the Court of Appeals denied the application for stay and issued a limited remand to this Court for the purpose of determining whether any proposed intervenors still have a challenge before the Board and whether the state court stay of qualification-related challenges remains in effect. *Cawthorn v. Amalfi*, No. 22-1251 (4th Cir. Mar. 17, 2022) (Appellate ECF No. 33) at 3.

### I. Representative Cawthorn is a prevailing party.

A party "prevails" for purposes of § 1988 if he "succeed[s] on any significant issue in litigation which achieves some benefit the parties sought in bringing suit."*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiff is a "prevailing party" under 42 U.S.C. § 1988 because on

---

[1]These proposed intervenors are individuals from the 11th Congressional District, i.e., the "March challengers," Order (ECF No. 78) at 5. The Defendant Board advised on March 14, 2022, that it had not yet decided whether to appeal this Court's order.

**Pl.'s Mem. Supp. Mot. Atty's Fees**
**With Fair Estimate and Request**
**For Briefing Schedule** 2

March 10, 2022, this Court granted Rep. Cawthorn's requested declaratory and injunctive relief regarding N.C.G.S. § 163-127.1, *et seq.* ("**Challenge Statute**"). Order at 23, 26.

## II. The motion is timely and sufficient under Fed. R. Civ. P. 54(d)(2)(B).

Under Fed. R. Civ. P. 54 (d)(2)(B), a motion for attorney's fees must be filed with 14 days of the entry of judgment,[2] and hence the present motion is timely. Rule 54(d)(2)(B) also provides that the motion must specify the judgment and the statute entitling the movant to the award, *see supra*, and "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P.54(d)(2)(B)(iii). Further, "the motion [need not] be supported at the time of filing with the evidentiary material bearing on the fees." Fed. R. Civ. P. 54(d)(2)(B) advisory committee note (1993 amendment). That material "must of course be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case." *Id.* Given, *inter alia*, that the appeal filed by proposed intervenors, and any appeal filed by Defendants could affect the basis and extent of Plaintiff's current success and will result in further time and expenses for Plaintiff, Rep. Cawthorn submits that "the circumstances of the case" suggest that the evidentiary material and supporting documents be filed when the appeal has been resolved. Accordingly, Rep. Cawthorn now provides a fair estimate of the fees and expenses incurred in the successful prosecution of his claims before this Court and on appeal,[3] and suggests a schedule under which the

---

[2]Likewise, Local Civil Rule 54.1 provides that an "application[ ] for costs must be made 14 days after entry of judgment."

[3]Plaintiff will request of the court of appeals an award of fees, costs, and expenses incurred there, but includes the current amount of appellate fees in this fair estimate before the district court. Plaintiff is including appellate fees in the estimate to the district court because while the appellate court may "award [appellate] attorney's fees and expenses," Local Rule Internal Oper-

**Pl.'s Mem. Supp. Mot. Atty's Fees**
**With Fair Estimate and Request**
**For Briefing Schedule**                3

evidentiary materials and supporting documents be filed when the appeal has been resolved.

Plaintiff's counsel have reviewed the time and costs incurred in prosecuting and prevailing in their challenge to North Carolina's Challenge Statute, basing fees on hourly rates prevailing in the relevant community. Plaintiff now estimates his fees and expenses or costs as follows:

    (a)    For lead counsel, The Bopp Law Firm PC, attorney's fees in the amount of $92,880 and expenses in the amount of $3131.95, for a total of $96,011.95.

    (b)    For local counsel, Gammon, Howard & Zeszotarski, PLLC, attorney's fees and expenses in the amount of $51,000.

As noted above, Plaintiff suggests that consideration of attorney's fees, expenses, and costs be scheduled by the Court for consideration after final resolution of all appeals and/or judgment is entered by this Court on any issues remanded by the Court of Appeals. Plaintiff suggests scheduling the motion for forty-five days after final resolution of all appeals and/or final judgment is entered by this court as to any issue remanded.

The fees and expenses estimated here are subject to change for additional time and expenses incurred after this date on matters already remanded, on appeal or future remand, and in pursuit of attorney's fees and expenses themselves.

---

ating Procedure 46(e), that court will generally "remand the fee determination to the district court . . . rather than assess those fees ourselves," *Plyler v. Evatt*, 902 F.2d 273, 281-82 (4th Cir. 1990) (internal citations omitted).

**Pl.'s Mem. Supp. Mot. Atty's Fees**
**With Fair Estimate and Request**
**For Briefing Schedule**                    4

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests this Court grant his Motion for Attorneys Fees and Expenses with Fair Estimate and Request for Briefing Schedule.

Dated: March 24, 2022

Respectfully Submitted,

/s/ Josh Howard
Gammon, Howard & Zeszotarski, PLLC
The Water Tower Building
115 ½ West Morgan Street
Raleigh, NC 27601
jhoward@ghz-law.com
Phone: (919) 521-5878
Fax: (919) 882-1898
State Bar No. 26902
*Local Civil Rule 83.1(d) Counsel for Plaintiff*

/s/ Jeffrey P. Gallant
James Bopp, Jr., Ind. Bar No. 2838-84*
*Lead Attorney for Plaintiff*
Melena S. Siebert, Ind. Bar No. 35061-15*
*Attorney for Plaintiff*
Jeffrey P. Gallant, Va. Bar No. 46876*
*Attorney for Plaintiff*
THE BOPP LAW FIRM
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
jboppjr@aol.com
msiebert@bopplaw.com
jgallant@bopplaw.com
*Attorneys for Plaintiff*
*Special Appearance Filed

**Pl.'s Mem. Supp. Mot. Atty's Fees
With Fair Estimate and Request
For Briefing Schedule**                     5

Case 5:22-cv-00050-M   Document 98   Filed 03/24/22   Page 5 of 7

## Certificate of Compliance with Type-Volume Limit

I hereby certify that this document complies with the word limit of Local Civil Rule 7.2 (f)(2), (3) because, excluding the parts of the document exempted by Local Civil Rule 7.2 (f)(1), this document contains 1105 words and does not exceed 30 pages. All word counts were generated by the word processing software used.

/s/ Jeffrey P. Gallant  
Jeffrey P. Gallant  
*Attorney for Plaintiff*

**Pl.'s Mem. Supp. Mot. Atty's Fees  
With Fair Estimate and Request  
For Briefing Schedule**         6

Case 5:22-cv-00050-M    Document 98    Filed 03/24/22    Page 6 of 7

## Certificate of Service

I hereby certify that on March 24, 2022, I electronically filed the foregoing Memorandum with the Clerk of Court using the CM/ECF system which will send notification of such filing to all Defendants and to proposed intervenors.

/s/ Jeffrey P. Gallant
Jeffrey P. Gallant
*Attorney for Plaintiff*

**Pl.'s Mem. Supp. Mot. Atty's Fees
With Fair Estimate and Request
For Briefing Schedule** 7

Case 5:22-cv-00050-M   Document 98   Filed 03/24/22   Page 7 of 7