IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:22-cv-00050-M

| | |
|---|---|
| MADISON CAWTHORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DAMON CIRCOSTA, in his official capacity ) | |
| as Chair of the North Carolina State Board of ) | |
| Elections, ) | |
| STELLA ANDERSON, in her official capacity ) | |
| as a member of the North Carolina State Board ) | |
| of Elections, ) | |
| JEFF CARMON, in his official capacity as a ) | |
| member of the North Carolina State Board of ) | |
| Elections, ) | |
| STACY EGGERSIV, in his official capacity as ) | |
| a member of the North Carolina State Board of ) | |
| Elections, ) | |
| TOMMY TUCKER, in his official capacity as ) | |
| a member of the North Carolina State Board of ) | |
| Elections, ) | |
| KAREN BRINSON BELL, in her official ) | |
| capacity as the Executive Director of the North ) | |
| Carolina State Board of Elections, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the Expedited Renewed Motion to Intervene as Defendants filed by a number of individuals who have challenged Plaintiff's candidacy for office in North Carolina's 11th congressional district pursuant to N.C. Gen. Stat. § 163-127.2 [DE 87]. The court notes that while the motion is titled "renewed," only one of the original proposed intervenors brings the current motion.

The resolution of this motion requires a review of the case's history. On December 7, 2021,

Plaintiff, a current Member of the U.S. House of Representatives for North Carolina's 11th Congressional District, filed a notice of candidacy for North Carolina's 13th Congressional District. On January 10, 2022, a group of registered voters of the 13th Congressional District filed a "challenge" with the North Carolina State Board of Elections ("Board") pursuant to a North Carolina statute (the "January challengers"), alleging that Plaintiff "does not meet the federal constitutional requirements for a Member of the U.S. House of Representatives and is therefore ineligible to be a candidate for such office." Challenge at ¶ 1, DE 9-2. The next day, January 11, 2022, the Wake County Superior Court in North Carolina issued an indefinite stay on all challenges filed with the Board until a "final resolution" was reached regarding the ongoing litigation challenging North Carolina's recently redrawn legislative and congressional districts ("redistricting litigation"). *See* Stay Order, DE 9-3.

Plaintiff filed this action and a motion for preliminary injunction on January 31, 2022, seeking declaratory and injunctive relief prohibiting the Defendants from proceeding to adjudicate the January challenge under the state statute. On February 2, 2022, the Supreme Court of North Carolina heard arguments regarding the redistricting question and on February 4, 2022, the Court ruled that the current congressional and legislative redistricting plans were unconstitutional and ordered the drawing of new maps. On February 7, 2022, the January challengers filed a motion to intervene in this case; the court denied the motion without prejudice finding, under the current posture of the case, these proposed intervenors were adequately represented by the Defendants. Order, DE 27, 56.

On February 21, 2022, this court granted Plaintiff's motion to advance the trial on the merits and consolidate it with the hearing on Plaintiff's motion for preliminary injunction. Order, DE 57. At a status conference the following day, the court set the hearing for February 28, 2022. DE 58.

On February 23, 2022, the state court issued newly drawn maps for state legislative districts in North Carolina, as well as a new map reflecting the congressional districts drawn by an "expert panel."

*See* DE 67. The North Carolina Supreme Court denied all appeals challenging these newly drawn maps. The next day, February 24, 2022, the Board issued a letter (delivered by email) to the January challengers informing them that, because they were no longer "qualified, registered voters" in the newly drawn 13th Congressional District, the challenge filed under N.C. Gen. Stat. 163-127.1, et seq., was "no longer valid." Letter, DE 67-1 at 2-3. Accordingly, this court continued the February 28 hearing to March 21, 2022, and ordered that any issues regarding standing, mootness, and/or ripeness would be heard at that time. *See* DE 69.

On March 2, 2022, Defendants informed the court that Plaintiff had withdrawn his January notice of candidacy and filed a notice for the newly drawn 11th Congressional District on February 28, 2022. DE 70. Two days later, on March 2, 2022, two registered voters from that district filed challenges with the Board (the "March challengers") arguing, on the same basis on which the January challengers relied, that Plaintiff was not eligible to run for office. *Id.* One of these individuals, Laurel Ashton, was also a January challenger who sought to intervene in this case on February 7, 2022. In the March 2 notice, Defendants also advised that an "emergency application [was] currently pending before the U.S. Supreme Court" regarding the redistricting litigation and, thus, the stay on challenges remained in effect. *See id.* Defendants stated, however, that the Board "ha[d] a meeting scheduled for Monday, March 7. If the matters before the U.S. Supreme Court are resolved with respect to the Congressional map to be used in the upcoming May 17, 2022 primary, and the challenges filed today are valid for the Eleventh Congressional District at that time (see D.E. 67-1), the State Board intends to take up the challenges at that time pursuant to N.C.G.S. § 163-127.1, et seq." *Id.* at ¶ 6.

Based on this information, the court expedited the hearing to March 4, 2022. DE 71. At the hearing, the court orally granted the motion for injunctive relief, then issued a written order on March 10, 2022. DE 74, 78. On March 9, 2022, the January challengers filed a notice of appeal of the order

3

denying the motion to intervene and the court's oral order granting injunctive relief; after the written order issued, the January challengers filed an amended notice on March 11, 2022, adding an appeal of the written order. DE 75, 80. The Fourth Circuit Court of Appeals issued a "limited remand" on March 17, 2022, "to permit appellants to file and the district court to consider a new motion to intervene on an expedited basis." DE 82. The appellate court directs that "[i]n considering any such motion, the district court should consider which (if any) proposed intervenors still have a challenge remaining before the state board of elections and whether the state court order staying all qualification-related challenges remains in effect." *Id.*

Regarding the first question, the foregoing history reflects that the January challengers, including Laurel Ashton, lost any standing they may have had to intervene in this case on February 24, 2022, when they were notified that their challenges were no longer valid. DE 67-1 at 2-3. This action proceeded on the challenges filed March 2, 2022, by Ashton and Michael Hawkins (DE 70-1), who did not seek to intervene in this case until instructed to do so by the Fourth Circuit after the appeal commenced. The remaining proposed intervenors, Melinda Lowrance, Ellen Beth Richard, and Terry Lee Neal, claim they have filed challenges similar to Ashton's and Hawkins'; however, they were, and are, strangers to this case.

With respect to the second question, all parties agree that the state court order staying all qualification-related challenges is no longer in effect following the U.S. Supreme Court's Mar. 7, 2022 order denying the application for a stay pending the filing and disposition of a petition for writ of certiorari. *See Moore v. Harper*, 142 S. Ct. 1089 (2022).

As for the current motion, the court finds the request untimely and, thus, denies it. The proposed intervenors seek to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure or, alternatively, with the court's permission under Rule 24(b). "To intervene as a matter of

4

right under Rule 24(a), a movant generally must satisfy four criteria: (1) timeliness, (2) an interest in the litigation, (3) a risk that the interest will be impaired absent intervention, and (4) inadequate representation of the interest by the existing parties." *Scott v. Bond*, 734 F. App'x 188, 191 (4th Cir. 2018) (citing *In re Brewer*, 863 F.3d 861, 872 (D.C. Cir. 2017) and *Scardelletti v. Debarr*, 265 F.3d 195, 202 (4th Cir. 2001), *rev'd on other grounds sub nom. Devlin v. Scardelletti*, 536 U.S. 1, 6 (2002)). The Fourth Circuit instructs that "[t]imeliness is a central consideration when deciding a motion to intervene, and a movant's failure to seek intervention in a timely manner is sufficient to justify denial of such motion." *Id.* (citing *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989) and *Scardelletti*, 265 F.3d at 202).

Permitting intervention after a final order or judgment has been appealed is rare. "If the outcome of an action may affect one's interests, the pendency of that action is precisely the time to intervene." *Perles v. Kagy*, 394 F. Supp. 2d 68, 75 (D.D.C. 2005) (citing *Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996)); *see also Associated Builders & Contractors, Inc. v. Herman*, 166 F.3d 1248, 1257 (D.C. Cir. 1999) ( "[a] motion for 'intervention after judgment will usually be denied where a clear opportunity for pre-judgment intervention was not taken'") (citing *Dimond v. District of Columbia*, 792 F.2d 179, 193 (D.C. Cir. 1986)).

When evaluating the timeliness of a motion to intervene, courts should consider (1) how far the case has progressed, (2) the prejudice to other parties caused by any tardiness in filing the motion, and (3) the reason for any tardiness. *Scott*, 734 F. App'x at 191 (citing *Alt v. EPA*, 758 F.3d 588, 591 (4th Cir. 2014) and *Gould*, 883 F.2d at 286). "The most important consideration in reviewing a motion to intervene is whether the existing parties will suffer prejudice if the motion is granted." *Id.* (citing *Hill v. W. Elec. Co.*, 672 F.2d 381, 386 (4th Cir. 1982)).

Here, the case progressed to a final order on challenges by two of the proposed intervenors and

5

to notices of appeal filed by one of the proposed intervenors. *See Alt*, 758 F.3d at 591 (motion to intervene may be tardy if the suit has "reached a relatively advanced stage"). Two of the five proposed intervenors—Laurel Ashton and Michael Hawkins—may argue they have standing in this case. The movants contend that the question presented by their motion "is solely to determine the extent to which [they] may maintain further proceedings in the Court of Appeals." Memo. at 11, DE 88. If intervention at the district level following an appeal for the sole purpose of participating at the appellate level is proper, the court notes that granting the motion may not significantly impact the Defendants as currently postured in this case. However, the Plaintiff has not litigated the merits of his claims with the movants at the district level and may be required to respond to "new" arguments,[1] unanticipated theories, and possible re-litigation of issues already decided. Plaintiff brought this expedited action against members of the State Board of Elections challenging the constitutionality and legality of a state statute; the action proceeded expeditiously at the parties' request to a final outcome on issues fully argued and briefed by the parties before the approach of applicable election deadlines. Subjecting Plaintiff to an appeal brought by strangers to the case would unduly prejudice him by causing further unforeseen delay.

The movants provide no explanation for their delay in filing the motion. "[A] movant seeking intervention must provide a plausible justification for a tardy motion to intervene." *Scott*, 734 F. App'x at 192 (citing *Alt*, 758 F.3d at 591 and *Gould*, 883 F.2d at 286). An untimely motion may be justified where the movant was unaware of the case, or if there had been a "substantial change of circumstances" in the case. *Id.* (quoting *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016)).

As set forth above, intervention is typically sought and permitted during the pendency of the district court action. Granted, Ashton and Hawkins achieved standing in the case on March 2, 2022, and

---

[1] As discussed below, the movants argue their interests "diverged" from the Defendants' interests upon this court's March 4, 2022 order. Memo. at 6.

6

the court expedited the merits hearing to March 4, 2022, when the Board advised that it may proceed on the challenges as early as March 7, 2022. However, the court perceives no impediment to Ashton's and/or Hawkins' ability to file a motion to intervene between March 2 and March 10, 2022; the January challengers and the March challengers were represented by the same counsel, they have a claimed substantial interest in this high-profile case, and they clearly were aware of (and watching) this case, as demonstrated by the notices of appeal filed March 9 and March 11, 2022.

The movants may argue that they did not seek intervention in this court before the appeal because nothing "substantial" had changed in the period between the court's order denying the initial motion to intervene and the court's final order. However, the movants' position expressed in the present motion belies this argument. They contend that the interest Ashton and Hawkins shared with Defendants in "upholding the constitutionality of the challenged statute" was "dissolved by this court's order." Memo. at 6. The movants assert that in "relying on a statutory interpretation of the 1872 Amnesty Act" . . . the court's "ruling avoided any impact on the [Board's] interest in 'upholding the constitutionality of the challenged statute'" and "removed the [Board's] interest in defending its statute." *Id.* at 6-7. The order to which the movants refer was issued orally on March 4, 2022, and in writing on March 10, 2022. The January challengers filed notices of appeal, but nothing in the motion explains why they or the movants here failed to seek intervention in this court following the issuance of its oral and written orders. *See United Airlines, Inc. v. McDonald*, 432 U.S. 385, 396 (1977) (finding timely a motion to intervene filed post-judgment in the district court for the purpose of appeal); *see also Consol. Gas Elec. Light & Power Co. of Baltimore v. Pennsylvania Water & Power Co.*, 194 F.2d 89, 91 (4th Cir. 1952) (motion to intervene untimely where the applicant could have sought intervention at least as early as the trial but made no attempt to do so until after an appeal was taken); *cf. N. Carolina State Conf. of the NAACP v. Cooper*, No. 1:18CV1034, 2021 WL 3639493, at *2 (M.D.N.C. Aug. 17, 2021) ("An intervenor who

7

'closely monitored the proceedings,' though, cannot justify a delay that was an 'informed and tactical choice.'") (citing *Alt*, 758 F.3d at 591–92 (finding "little sympathy" where an intervenor "gambled and lost in the execution of its litigation strategy")). Here, the movants filed the present motion *only* when the appellate court instructed Ashton and the January challengers to do so, and they neither acknowledge their delay nor offer any justification for it.[2] *See McDonald*, 432 U.S. at 395–96 ("The critical inquiry in every [post-judgment request for intervention] is whether in view of all the circumstances the intervenor acted promptly after the entry of final judgment.").[3] The court concludes that the movants have failed to demonstrate that their request for intervention "as of right" is timely.

The proposed intervenors also seek to intervene with permission of the court pursuant to Rule 24(b). "Where intervention is of right, the timeliness requirement of Rule 24 should not be as strictly enforced as in a case where intervention is only permissive." *Scardelletti*, 265 F.3d at 203 (citation and internal quotation marks omitted); *see also Stadnicki on Behalf of LendingClub Corp. v. Laplanche*, 804 F. App'x 519, 522 (9th Cir. 2020) ("[B]ecause timeliness is analyzed even more strictly for a motion for permissive intervention [than intervention as of right], [an] alternative request for permissive

---

[2] The movants cite *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981), for the proposition that "after judgment has issued, courts grant intervention 'for the limited purpose of prosecuting an appeal.'" Mot. at 3. *Newport News* is distinguishable from this case; there, the National Labor Relations Board ("NLRB") filed a motion to intervene in the district court before a hearing on the merits. *Id*. The district court permitted the NLRB to participate in the hearing as an *amicus curiae* but denied the motion to intervene in its final order. *Id*. The Fourth Circuit determined that the NLRB had a right to intervene "to prosecute an appeal" of the final order. *Id*. at 122. In this case, four of the five proposed intervenors filed nothing in the district court until the present motion, and none of the movants sought to intervene following the court's order when, as they contend, they knew their interests diverged from those of Defendants. Moreover, the NLRB is a government entity seeking to protect its jurisdiction and processes knowing that it would be likely subject to repeat litigation. Conversely, the movants here stress that their primary interest is in litigating their single challenges against the Plaintiff.

[3] The court recognizes that, like the proposed intervenor in *McDonald*, the movants here have filed their motion within the 30-day notice period for appeal. However, they did not do so in accordance with Rule 24 and *McDonald* but filed the motion only at the direction of the Fourth Circuit.

8

intervention is necessarily untimely") (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997)). Because the court finds the motion untimely, it will not grant the movants permission to intervene under Rule 24(b).

The movants failed to file their motion in a timely manner once they became aware that their interests changed from the Defendants' interests. Granting them leave to intervene now would unduly prejudice the Plaintiff. Therefore, the Expedited Renewed Motion to Intervene as Defendants [DE 87] is DENIED.

SO ORDERED this 30th day of March, 2022.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

9

Case 5:22-cv-00050-M   Document 106   Filed 03/30/22   Page 9 of 9